**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

-----------------------------------------------------------------x
JOSEPH A. CARABILLO,
1543 Beahm Town Road
Culpeper, VA 22701

                               Plaintiff,

               -against-

ULLICO INC. PENSION PLAN AND TRUST,
ADMINISTRATOR OF THE ULLICO INC.
PENSION PLAN AND TRUST, PLAN
ADMINISTRATION COMMITTEE OF THE
ULLICO INC. PENSION PLAN AND TRUST,
JOHN DOES NOS. 1-20 in their capacities as
members or former members of the PLAN
ADMINISTRATION COMMITTEE OF THE
ULLICO INC. PENSION PLAN AND
TRUST, ULLICO INC. EMPLOYEES' LIFE AND
HEALTH WELFARE PLAN, ADMINISTRATOR
OF THE ULLICO INC. EMPLOYEES' LIFE AND
HEALTH WELFARE PLAN, THE UNION LABOR
LIFE AUXILIARY RETIREMENT BENEFITS
PLAN, and ADMINISTRATOR OF THE UNION
LABOR LIFE AUXILIARY RETIREMENT
BENEFITS PLAN,

                         Defendants.
-----------------------------------------------------------------x

CASE NUMBER:

    DECK TYPE: Labor/ERISA
       (non-employment)

**COMPLAINT**

**I.    PRELIMINARY STATEMENT**

    1.     This is an action by plaintiff, Joseph A. Carabillo, seeking benefits from

two (2) pension plans and a welfare plan, each of which is an employee benefit plan

within the meaning of the Employee Retirement Income Security Act of 1974, as

amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*  Plaintiff seeks benefits pursuant to the

terms of the plans in question, as well as other relief.

## II.     JURISDICTION AND VENUE

2.      This action is brought by plaintiff pursuant to §§ 502(a)(1)(B) and (a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3).  This Court has subject matter jurisdiction pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).  This Court has supplemental jurisdiction over any other claim pursuant to 28 U.S.C. § 1367(a).

3.      Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rules 58 and 65 of the Federal Rules of Civil Procedure.

4.       Venue is based on ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## III.     PARTIES

5.      Plaintiff Joseph A. Carabillo ("Plaintiff") is a natural person who resides in Virginia.

6.      Defendant ULLICO Inc. Pension Plan and Trust (the "Qualified Plan") is, and at all times relevant hereto was, an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and a defined benefit plan within the meaning of ERISA § 3(35), 29 U.S.C. § 1002(35).  The Qualified Plan is administered in the District of Columbia.

7       Defendant Administrator of the defendant ULLICO Inc. Pension Plan and Trust is the person or entity who/which is the "Administrator" of that Plan within the meaning of ERISA § 16(A), 29 U.S.C. § 1002(16)(A), and a fiduciary of that Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

8.      Defendant Plan Administration Committee of the defendant ULLICO Inc. Pension Plan and Trust (the "Committee") is a fiduciary of the defendant ULLICO Inc.

Pension Plan and Trust within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and, upon information and belief, is the "named fiduciary" of that Plan within the meaning of ERISA § 402(a)(2), 29 U.S.C. § 1102(a)(2).

9.      Defendants John Does Nos. 1-20 are those persons whose identities are currently unknown to Plaintiff who, at any time from May 15, 2003 to the present, were members of the Committee.

10.     Defendant ULLICO Inc. Employees' Life and Health Welfare Plan (the "Welfare Plan") is, and at all times relevant hereto was, an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).  The purpose of the Welfare Plan is, *inter alia*, to provide medical insurance and life insurance coverage to its participants.  It is administered in the District of Columbia.

11.     Defendant Administrator of the ULLICO Inc. Employees' Life and Health Welfare Plan is the person or entity who/which is the "Administrator" of that Plan within the meaning of ERISA § 16(A), 29 U.S.C. § 1002(16)(A), and a fiduciary of that Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

12.     Defendant The Union Labor Life Auxiliary Retirement Benefits Plan (the "Auxiliary Plan") is, and at all times relevant hereto was, an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), a defined benefit plan within the meaning of ERISA § 3(35), 29 U.S.C. § 1002(35) and "a plan which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees"

within the meaning of ERISA §§ 201(2), 301(a)(3) and 401(a)(1), 29 U.S.C. §§ 1051(2), 1081(3) and 1101(a)(1).  The Auxiliary Plan is administered in the District of Columbia.

(The Qualified Plan and the Auxiliary Plan are sometimes referred to hereinafter collectively as the "Plans".)

13.     Defendant Administrator of the defendant The Union Labor Life Auxiliary Retirement Benefits Plan is the person or entity who/which is the "Administrator" of that Plan within the meaning of ERISA § 16(A), 29 U.S.C. § 1002(16)(A), and is a fiduciary of that Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

## IV.     FACTS

14.     ULLICO Inc. ("ULLICO") is a corporation formed under the laws of the state of Maryland with a principal place of business in the District of Columbia.  ULLICO is the "Plan Sponsor" of the Qualified Plan, the Auxiliary Plan and the Welfare Plan within the meaning of ERISA § 3(16)(b)(i), 29 U.S.C. § 1002(16)(b)(i).

15.     Plaintiff was employed by ULLICO for a period in excess of sixteen (16) years.  As such, Plaintiff was and is a participant in and a beneficiary of the Qualified Plan, the Auxiliary Plan and the Welfare Plan within the meaning of those Plans and within the meaning of ERISA § 3(7), (8), 29 U.S.C. § 1002(7), (8).

16.     In April 2003, the Board of Directors of ULLICO amended the Qualified Plan by establishing the June 1, 2003 Early Retirement Program (the "Early Retirement Program").

17.     In order to be eligible to participate in the Early Retirement Program, a person: (1) had to be a participant in the Qualified Plan; (2) had to be either (a) age 55 with at least 15 years of service by June 1, 2003, or (b) age 65 with at least 5 years of

service by June 1, 2003; (3) had to elect retirement by June 1, 2003; and, (4) the election had to be "by execution of an 'Election and Release Form', approved by the Plan Sponsor, with a retirement date effective June 1, 2003." Qualified Plan at ¶ 4.8(a).

18.     If a participant in the Qualified Plan met the foregoing qualifications, his/her pension benefits from the Qualified Plan were to commence as of June 1, 2003. Qualified Plan at ¶ 4.8(b).

19.     The pension benefits payable pursuant to the Early Retirement Program were unreduced.  In other words, despite the fact that retirement would occur prior to a participant's Normal Retirement Date (age 65), the participant's pension benefits would be calculated as if s/he had retired at age 65.  Qualified Plan at ¶ 4.8(c), (d).

20.     The Early Retirement Program therefore provided a distinct advantage over the Qualified Plan's regular early retirement benefit, *see* Qualified Plan at ¶ 4.3(a), (b), which, for persons such as Plaintiff who retire prior to age 60, is determined by calculating the participant's benefit at Normal Retirement Age and then reducing it by 0.3% for each month prior to age 65 that benefits commence.  *Id.* at ¶ 5.3(a).

21.     Internal Revenue Code §§ 415 and 401(a)(17) limit both (1) the amount of pension benefits that a plan such as the Qualified Plan may pay to an individual on an annual basis and (2) the amount of compensation that such a plan may take into account in calculating an individual's benefit.

22.     The Auxiliary Plan was established in order to pay participants in the Qualified Plan the difference between (a) their benefit calculated pursuant to the terms of the Qualified Plan without application of the limitations imposed by Internal Revenue Code §§ 415 and 401(a)(17) and (b) their actual benefit from the Qualified Plan.

23.     Thus, a consequence of the Early Retirement Program was that eligible participants would also receive unreduced benefits from the Auxiliary Plan.

24.     The Early Retirement Program also provided that eligible participants would be entitled to retiree health and life insurance benefits under the Welfare Plan.

25.     Plaintiff and others first received formal notice of the Early Retirement Program and its provisions by letter dated April 17, 2003 from ULLICO's Director, Corporate Benefits, Louis Hejl ("Hejl").  By letter to Plaintiff dated April 21, 2003, Hejl corrected certain errors which had been made in the earlier letter.  Accompanying the April 21, 2003 letter was a form to be signed by the employee in order to elect participation in the Early Retirement Program.  That form is the "Election and Release Form" referenced in ¶ 17 above, as approved by ULLICO, the Plan Sponsor.

26.     By email dated May 7, 2003, Hejl forwarded to Plaintiff a revised Election and Release Form, as approved by ULLICO.

27.     Plaintiff signed and dated the revised Election and Release Form on that date, May 7, 2003, and faxed it to Hejl.  Hejl informed Plaintiff that he needed the original of the Election and Release Form which Plaintiff then delivered it to Hejl on May 8, 2003.  Hejl then signed and dated the Election and Release form and provided a copy to Plaintiff.

28.     The Election and Release Form specifically provided that Plaintiff had seven (7) days within which to revoke it and, if not revoked within such seven (7) day period, the Election and Release Form became enforceable.

29.     Plaintiff did not revoke the Election and Release Form within such seven (7) day period nor has he ever revoked it.

30.     By letter dated May 22, 2003, from Jennifer M. Shea in her capacity as Health & Life Benefits Administrator for ULLICO and Christine Bellotti as Retirement Benefits Administrator for ULLICO, Plaintiff was congratulated on his "pending retirement."  That letter further stated that "[b]ecause you will retire from active service on May 31, 2003, your retiree benefits will be effective as of June 1, 2003."  That letter further informed Plaintiff that his health insurance and life insurance from the Welfare Plan would continue.

31.     On or about May 27, 2003, in order to prepare for Plaintiff's forthcoming retirement, a test direct deposit of $1.00 was made to Plaintiff's checking account with First Union Bank.

32.     On May 31, 2003, a letter dated May 30, 2003 and apparently signed by Edward Grebow, then acting president of ULLICO, was hand delivered to Plaintiff at his residence in Virginia.  That letter informed Plaintiff of the termination of his employment with ULLICO, purportedly for cause, because "ULLCIO is unable to place its ongoing confidence in your judgment ...."

33.     On June 16, 2003, because he had still not commenced receiving benefits from either the Qualified Plan or the Auxiliary Plan, Plaintiff sent an email to Hejl inquiring about those benefits.

34.     That email further stated that if the benefit obligations were not going to be honored, the email should be considered an appeal of the denial of benefits.

35.     Plaintiff heard nothing further regarding this email until he received a letter from Hejl, dated August 13, 2003, informing Plaintiff that:

a.     "ULLICO ... is treating your [June 16, 2003 email] inquiry as a claim for benefits offered by the June 1, 2003 Early Retirement Program ...."; and

b.     Hejl, in his "capacity as [ULLICO's] Director of Corporate Benefits," had reviewed that claim and determined Plaintiff to be ineligible for participation in the Early Retirement Program because that Program required "a retirement date effective June 1, 2003" and Plaintiff "did not retire from employment on June 1, 2003" or even retire at all, but had been terminated on May 30, 2003.

36.    While that letter was dated August 13, 2003, it was not delivered to Plaintiff by United Parcel Service ("UPS") until September 3, 2003.  Upon information and belief, Hejl did not provide that letter to UPS for delivery to Plaintiff until August 29, 2003.

37.    Plaintiff's faxing of the Election and Release Form to Hejl on May 7, 2003 as well as his delivery of the original of that document on May 8, 2003 constituted a claim under both the Qualified Plan and the Auxiliary Plan pursuant to, *inter alia*, 29 C.F.R. § 2560.503-1(e).

38.    Pursuant to ¶ 9.1 of the Qualified Plan, any determination as to entitlement to benefits is to be made by the Administrator of the Qualified Plan.  Such determinations are to be made and written notice thereof provided to the claimant within a reasonable time.  *Id.* at ¶ 9.2.

39.    Pursuant to ¶ 9.3 of the Qualified Plan, "any person who makes a claim for benefits under this Plan and does not receive any decision on such claim within a reasonable time may request a review by the Plan Administrator of the claim."

40.     In that Plaintiff had submitted his claim for benefits on May 7, 2003, his June 16, 2003 email, which specifically stated it should be considered as an appeal, constituted a request for review pursuant to ¶ 9.3 of the Qualified Plan.

41.     The Qualified Plan has no further steps required of claimants and, therefore, Plaintiff has exhausted the claims procedures of the Qualified Plan.

42.     Even if Plaintiff has not fully complied with all of the Qualified Plan's claims review procedures, he has substantially complied and therefore has exhausted those procedures.

43.     Despite Hejl's letter dated August 13, 2003, ULLICO, which is not the Administrator of the Qualified Plan, had no authority to determine how Plaintiff's June 16, 2003 email was to be treated.

44.     Even if ULLICO had authority to treat Plaintiff's June 16, 2003 email as a claim, only the Administrator of the Qualified Plan, not Hejl in his capacity as ULLICO's Director of Corporate Benefits, had authority to determine that claim.

45.     Even if Hejl's letter dated August 13, 2003 may be considered a denial of Plaintiff's claim, it fails to comply with the requirements for such a denial as set forth in ¶ 9.2 of the Qualified Plan and 29 C.F.R. § 2560.503-1(g) in that, *inter alia*, that letter does not set forth what additional material or information may be necessary to perfect the claim and why that material or information is necessary and does not notify Plaintiff of his right to request a hearing before the Plan Administrator or his right to have representation as set forth in ¶ 9.3 of the Qualified Plan.

46.     Pursuant to 29 C.F.R § 2560.503-1(i)(1), a claimant must be notified of the

Plan's decision on appeal no later than 60 days following the Plan's receipt of the

request for review.

47.     In that Plaintiff's request for review was emailed on June 16, 2003 and

therefore was received on that date, a decision was required no later than August 16,

2003.

48.     The Auxiliary Plan has no claims procedure.

49.     29 C.F.R. § 2560.503-1(l) provides that:

> In the case of the failure of a plan to establish or follow
> claims procedures consistent with the requirements of this
> section a claimant shall be deemed to have exhausted the
> administrative remedies available under the plan and shall
> be entitled to pursue any available remedies under section
> 502(a) of [ERISA] on the basis that the plan has failed to
> provide a reasonable claims procedure that would yield a
> decision on the merits of the claim.

50.     For the reasons set forth in paragraphs 43-49 above, Plaintiff is deemed to

have exhausted the claims procedures of both the Qualified Plan and the Auxiliary Plan.

## V.     CLAIMS FOR RELIEF

**First Claim for Relief**
**(Benefits Under the Terms of the Qualified Plan,**
**ERISA § 502(a)(1)B), 29 U.S.C. § 1132(a)(1)(B))**

51.     Plaintiff repeats and realleges the matter set forth in ¶¶ 1-50 above as if

fully set forth herein.

52.     The Qualified Plan's definition of "Retirement" is "termination of

employment after a Participant has fulfilled all requirements for a Normal, Early,

Postponed or Disability Retirement Pension.  Retirement shall be considered as

commencing on the day immediately following a Participant's last day of Employment."

Qualified Plan at ¶ 2.49.

53.     Plaintiff's termination of employment was either May 30, 2003 (the date of

the letter to Plaintiff stating that he was being terminated) or May 31, 2003 (the day

Plaintiff received the letter).

54.     Plaintiff had fulfilled the requirements for, *inter alia*, an Early Retirement

Pension on May 30, 2003.

55.     For purposes of the Qualified Plan therefore, Plaintiff's retirement

commenced either on May 31, 2003 or on June 1, 2003.

56.     Thus, contrary to Hejl's letter dated August 13, 2003, the fact that

Plaintiff's employment was terminated does not mean that he did not retire because the

Qualified Plan defines that termination as "Retirement."

57.     Also contrary to Hejl's letter dated August 13, 2003, the Early Retirement

Program does not require that an employee "retire effective June 1, 2003."  Rather, it

requires that an employee "execut[e] an Election and Release Form ... with a retirement

date effective June 1, 2003 ...."  Plaintiff executed such an Election and Release Form.

Plaintiff thus met all the requirements for participation in the Early Retirement Program

and is entitled to benefits thereunder both prospectively and retroactively to June 1,

2003.

## Second Claim for Relief
### (Interest on Retroactive Benefits Under the Terms of the Qualified Plan, ERISA § 502(a)(1)(B), (3), 29 U.S.C. § 1132(a)(1)(B), (3))

58.     Plaintiff repeats and realleges the matter set forth in ¶¶ 1-50 and 52-57

above as if fully set forth herein.

59    Plaintiff is entitled to appropriate interest on all retroactive benefits from the Qualified Plan.

**Third Claim for Relief**
**(Benefits from the Welfare Plan,**
**ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B))**

60.    Plaintiff repeats and realleges the matter set forth in ¶¶ 1-50 and 52-57 above as if fully set forth herein.

61.    Because Plaintiff qualifies for benefits under the Early Retirement Program, he is entitled to retiree health insurance and life insurance benefits from the Welfare Plan.

**Fourth Claim for Relief**
**(Refund of all COBRA Payments Made for Continued**
**Coverage Under the Welfare Plan with Interest,**
**ERISA § 502(a)(1)(B), (3), 29 U.S.C. § 1132(a)(1)(B), (3))**

62.    Plaintiff repeats and realleges the matter set forth in ¶¶ 1-50, 52-57 and 61 above as if fully set forth herein.

63.    Because Plaintiff was denied benefits under the Early Retirement Program, he was not provided with retiree benefits from the Welfare Plan and, therefore, upon the termination of his employment, in order to continue medical insurance coverage under the Welfare Plan, he was forced to elect continuation coverage at his own expense for the eighteen (18) months permitted by the Consolidated Omnibus Budget Reconciliation Act of 1986, as amended ("COBRA"), ERISA §§ 601-609, 29 U.S.C. §§ 1161-1169.

64.    Plaintiff has paid premiums for the COBRA continuation coverage for the period commencing May 31, 2003 to date.

65.     Because Plaintiff was improperly denied benefits under the Early

Retirement Program, he is entitled to a refund of all premiums paid with appropriate

interest thereon.

**Fifth Claim for Relief
(Benefits under the Terms of the Auxiliary Plan,
ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B))**

66.     Plaintiff repeats and realleges the matter set forth in ¶¶ 1-50 and 52-57

above as if fully set forth herein.

67.     Because Plaintiff qualifies for benefits under the Early Retirement

Program, he is entitled to unreduced benefits from the Auxiliary Plan both prospectively

and retroactively to June 1, 2003.

**Sixth Claim for Relief
(Interest on Retroactive Benefits from the Auxiliary Plan,
ERISA § 502(a)(1)(B), (3), 29 U.S.C. § 1132(a)(1)(B), (3))**

68.     Plaintiff repeats and realleges the matter set forth in ¶¶ 1-50, 52-57 and 67

above as if fully set forth herein.

69      Plaintiff is entitled to appropriate interest on all retroactive benefits from

the Auxiliary Plan.

**Seventh Claim for Relief
(Attorney's Fees and Costs,
ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1))**

70.     Plaintiff repeats and realleges the matter set forth in ¶¶ 1-50, 52-57, 59,

61, 63-65 and 67 above as if fully set forth herein.

71.     Pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), "the court in its

discretion may allow a reasonable attorney's fee and costs of action to either party."

## VI.    PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court enter judgment in his favor as follows:

1.    declaring Plaintiff eligible to participate in the Early Retirement Program;

2.    awarding Plaintiff pension benefits from the Qualified Plan pursuant to the Early Retirement Program both prospectively and retroactively to June 1, 2003 with appropriate interest on all retroactive benefits;

3.    declaring Plaintiff eligible to receive retiree benefits from the Welfare Plan;

4.    enjoining the Welfare Plan to enroll Plaintiff as a participant in both its health insurance and life insurance programs retroactively to June 1, 2003;

5.    awarding Plaintiff a refund of all premiums he has paid for COBRA continuation under the Welfare Plan with appropriate interest thereon;

6.    declaring Plaintiff eligible to participate in the Auxiliary Plan;

7.    awarding Plaintiff unreduced pension benefits from the Auxiliary Plan both prospectively and retroactively to June 1, 2003 with appropriate interest on all retroactive benefits;

8.    awarding Plaintiff his costs and attorney's fees herein; and,

9.      awarding Plaintiff such other and further relief as to this Court may seem

just and proper.

Respectfully submitted,

_____
Michelle L. Perry
D.C. Bar No. 468187
Kalijarvi, Chuzi, & Newman, P.C.
1901 L Street, N.W.
Suite 610
Washington, D.C. 20036
Tel: 202/331-9260
Fax: 202/331-9261
mperry@kcnlaw.com

David S. Preminger
Rose A. Saxe
Rosen Preminger & Bloom LLP
67 Wall Street
New York, NY 10005
Tel: 212/422-1001
Fax: 212/363-4436
dpreminger@rpblawny.com
rsaxe@rpblawny.com

Attorneys for Plaintiff