# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 04-7213**                    **September Term, 2005**

JOSEPH A. CARABILLO,
　　　　　APPELLANT

v.

ULLICO INC. PENSION PLAN AND TRUST, ET AL.,
　　　　　APPELLEES



Appeal from the United States District Court
for the District of Columbia
(No. 04cv00776)



Before: TATEL and GRIFFITH, *Circuit Judges,* and WILLIAMS, *Senior Circuit Judge.*

## JUDGMENT

　　　This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments by the parties. Upon consideration of the forgoing, it is

　　　**ORDERED** and **ADJUDGED** that the District Court's order denying Joseph A. Carabillo's ("Carabillo") motion for a preliminary injunction is affirmed.

　　　Carabillo is a former employee of Ullico, Inc. who has sued the Ullico Inc. Pension Plan and Trust, claiming that he is entitled to the health insurance it provides to members of its Welfare Plan (the "Plan"). ERISA allows a litigant to seek benefits from a qualifying plan under section 502(a)(1)(B). 29 U.S.C. § 1132(a)(1)(B); *see Aetna Health Inc. v. Davila,* 542 U.S. 200, 210 (2004); *Guidry v. Sheet Metal Workers Nat'l Pension Fund,* 493 U.S. 365, 375 n.16 (1990). Because the Plan refuses to provide Carabillo benefits, he purchases health coverage at his own expense while he pursues his claim. In the matter before us, Carabillo seeks a preliminary injunction temporarily enrolling him in the Plan until the merits of his underlying claim for benefits have been resolved. According to Carabillo, if the Court denies his motion for a preliminary injunction, he may face irreparable harm because he may not be able to recover his substitute premium payments at the end of this litigation under the Supreme Court's interpretation of section 502(a)(3)(B) of ERISA, 29 U.S.C. § 1132(a)(3)(B), in *Great-West Life & Annuity Assurance Co. v. Knudson,* 534 U.S. 204

A True copy:
　　　United States Court of Appeals
　　　for the District of Columbia Circuit

By: _____  Deputy Clerk

(2002). *Great-West*, Carabillo argues before us, may not allow recovery under section 502(a)(3)(B) of money damages, which he argues include his substitute premium payments.

In order to prevail on his motion for a preliminary injunction, Carabillo "must demonstrate 1) a substantial likelihood of success on the merits, 2) that [he] would suffer irreparable injury if the injunction is not granted, 3) that an injunction would not substantially injure other interested parties, and 4) that the public interest would be furthered by the injunction." *CityFed Fin. Corp. v. OTS*, 58 F.3d 738, 746 (D.C. Cir. 1995). "'The basis of injunctive relief in the federal courts has always been irreparable harm.'" *Id.* at 747 (quoting *Sampson v. Murray*, 415 U.S. 61, 88 (1974)) (alteration and citation omitted). If a party fails to make a showing of irreparable harm, "that alone is sufficient for us to conclude that the district court did not abuse its discretion" and "[w]e . . . need not reach the district court's consideration of the remaining factors relevant to the issuance of a preliminary injunction." *Id.* We review the District Court's denial of a preliminary injunction for abuse of discretion. *See, e.g., Cobell v. Norton*, 391 F.3d 251, 256 (D.C. Cir. 2004).

The moving party has the "burden of showing sufficient irreparable harm to command a preliminary injunction from the district court." *Sea Containers Ltd. v. Stena AB*, 890 F.2d 1205, 1210-11 (D.C. Cir. 1989). The moving party must show that the irreparable injury is "likely" to occur. *Nat'l Wildlife Fed'n v. Burford*, 835 F.2d 305, 325 (D.C. Cir. 1987); *see also Amoco Prod. Co. v. Village of Gamble, Alaska*, 480 U.S. 531, 545 (1987). Carabillo has failed to meet his burden.

He has not explained why, or even argued that, he would be unable to recover his premium payments for substitute insurance under section 502(a)(1)(B). Ullico Inc., as the sponsor of the Plan, pays all premiums for an insurance policy covering members of the Plan. Joint Appendix ("JA") at 356. Section 502(a)(1)(B) allows for recovery of "benefits" and/or "rights" due under a qualified ERISA plan. *See Heffner v. Blue Cross and Blue Shield of Al., Inc.*, 443 F.3d 1330, 1338 (11th Cir. 2006); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474-75 (9th Cir. 1997). In his complaint, Carabillo himself seeks recovery through section 502(a)(1)(B) of premium payments he made. JA at 30-31 ¶¶62-65. Without even addressing whether he is precluded from recovering under one of the very theories he has proposed for relief, we cannot say the District Court abused its discretion in concluding he failed to meet his burden of demonstrating that irreparable harm was likely. Although Carabillo argues that Ullico waived this argument below, it is not Ullico's to waive. Carabillo continues to shoulder the burden to show that his injury is irreparable—a fact he cannot adequately show without addressing the possibility of recovery under section 502(a)(1)(B), one of the very claims he raises for relief. Such an antecedent issue is within our purview to review. *See U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 447 (1993) ("a court may consider an issue 'antecedent to and ultimately dispositive of' the dispute before it, even an issue the parties fail to identify and brief") (quoting *Arcadia v. Ohio Power Co.*, 498 U.S. 73, 77 (1990) (ellipsis omitted)); *see also Kamen v. Kemper Fin. Serv., Inc.*, 500 U.S. 90, 99 (1991).

Because Carabillo failed to make a showing of irreparable harm, we need not consider the other elements of the preliminary injunction inquiry. *See CityFed*, 58 F.3d at 747.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition

-3-

for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

*Per Curiam*
**FOR THE COURT:**
Mark J. Langer, Clerk

BY:

Deputy Clerk